**STATE OF WEST VIRGINIA**

*In re* **W.R. Jr. and T.R.**

**No. 19-0319** (Berkeley County 17-JA-105 and 17-JA-106)

**FILED**
**September 13, 2019**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Grandmother D.C., by counsel Jared Adams, appeals the Circuit Court of Berkeley County's March 6, 2019, order denying her motion for a set visitation schedule with the children.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Michael Donadieu, filed a response on behalf of the children in support of the circuit court's order. Respondent Father W.R. Sr., by counsel Debbie Flowers Payne, also filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying her motion for a set visitation schedule with the children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 7, 2017, the DHHR filed an abuse and neglect petition against petitioner alleging that she failed to properly supervise the children. Petitioner had previously been granted legal guardianship of the children while the parents served prison sentences for drug-related offenses.[2] The parents were also listed as respondents in the petition and remained incarcerated at the time the petition was filed. Petitioner was granted a preadjudicatory improvement period, which she successfully completed. The parents were subsequently released from incarceration and became involved in the matter.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner is the children's maternal grandmother.

1

In November of 2018, the children were transitioned back into the mother's home after her successful completion of her improvement period, and petitioner's guardianship over the children was terminated. Following the termination of her guardianship, petitioner moved for a schedule of visitation with the children. Petitioner requested that she be granted visits one weekend per month, one week each summer, and some time at Christmas and Easter. Subsequently, the circuit court held a dispositional hearing in the matter in which it dismissed the abuse and neglect petition against the mother, ordered that the multidisciplinary team ("MDT") meet to discuss possible terms of visitation between petitioner and the children, and ordered petitioner and the children's mother to engage in joint counseling.

On November 16, 2018, the circuit court held an evidentiary hearing regarding petitioner's motion for visitation on a set schedule. First, the children's therapist, Daysha Everheart, testified that the children expressed to her that they did not wish to have visitation with petitioner. Ms. Everheart also testified that the tension between the mother and petitioner negatively affected the children. Next, therapist Ruth Veach testified that she had taken preliminary steps to begin therapy with petitioner and the mother. Ms. Veach explained that she had met with petitioner and the mother separately, but that they had not yet commenced therapy.

Petitioner testified that the children lived with her for several years and that she has a loving relationship with them. She further testified that she was willing to continue counseling with the mother. Petitioner also presented the testimony of her neighbor who testified that petitioner provided care for the children for approximately three years and had an affectionate and appropriate relationship with them. Finally, the mother testified that the children reported to her that petitioner yelled at them and was indifferent to them. According to the mother, the children told her that they did not wish to have visitation with petitioner. At the conclusion of the hearing, the circuit court expressed that it was considering visitation at the mother's discretion. However, the circuit court scheduled an additional review hearing to further address petitioner's motion, to allow the children time to adjust to reunification, and to give the MDT additional time to meet and discuss the issue.

On February 5, 2019, the circuit court held a second review hearing to discuss petitioner's motion for scheduled visitation with the children. Ms. Veach testified that since the prior hearing, she continued to meet with petitioner and the mother to discuss ways they could work together to benefit the children. However, Ms. Veach testified that despite these efforts, they were unable to make significant progress in improving their relationship. Further, Ms. Everhart testified that the children were adjusting well to reunification with their mother and were prepared for reunification with their father, who had successfully completed his improvement period. Ms. Everhart also testified that she spent a great deal of time with the children discussing their relationship with petitioner and their feelings about her. Ms. Everhart explained that she believed the children were sincere in voicing their lack of desire to visit with petitioner. She stated that the children feared petitioner would interfere with the reunification with their parents. Further, Ms. Everhart testified that the children recognize that petitioner had a strong dislike for their father and that was upsetting to them. Ms. Everhart opined that due to the continued hostility between petitioner and the parents, the stated desires of the children to not have visits with petitioner, and the children's fear that petitioner may sabotage the reunification with their parents, visits between petitioner and the children should be left to the sole discretion of the mother.

On March 6, 2019, the circuit court denied petitioner's motion for a set schedule for visitation, finding such a schedule would not serve the children's best interests. The circuit court found that petitioner "failed to participate in the Court Ordered counseling in rebuilding her relationship with her daughter and therefore she will likely impede the parenting in this case." Further, the circuit court found that "[i]f the children ask to see [petitioner], the parents should not deny that relationship and the parents should attempt to make it a healthy interaction if they want to see her." Finally, the circuit court ordered that any visitation "shall be at the sole discretion of the caregiver." It is from the March 6, 2019, order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

In her sole assignment of error, petitioner argues that the circuit court erred in not granting her motion for a set visitation schedule. In support, petitioner contends that a set visitation schedule is in the children's best interests and would not interfere with the children's relationship with their parents.[3] We disagree.

---

[3]Petitioner also argues that the circuit court did not address all the factors identified in West Virginia Code § 48-10-502, which provides factors to be considered by the circuit court in its decision whether to grant a grandparent visitation. These factors include as follows:

(1) The age of the child;
(2) The relationship between the child and the grandparent;
(3) The relationship between each of the child's parents or the person with whom the child is residing and the grandparent;
(4) The time which has elapsed since the child last had contact with the grandparent;

West Virginia Code § 48-10-501 provides that "[t]he circuit court or family court shall grant reasonable visitation to a grandparent upon a finding that visitation would be in the best interests of the child and would not substantially interfere with the parent-child relationship." Further, this Court has held that

> [a] trial court, in considering a petition of a grandparent for visitation rights with a grandchild or grandchildren . . . shall give paramount consideration to the best interests of the grandchild or grandchildren involved." Syllabus point 1, in part, *In re the Petition of Nearhoof,* 178 W.Va. 359, 359 S.E.2d 587 (1987).

Syl. Pt. 3, *In re Samantha S.*, 222 W. Va. 517, 667 S.E.2d 573 (2008).

Here, the children's therapist testified that the children did not wish to visit with petitioner due to their fear that such contact would interfere with the reunification with their parents. The record shows that the children also disclosed to their mother that they did not wish to visit with petitioner. Additionally, the therapist testified that petitioner's negative relationship with the parents also affected the children. Despite counseling, petitioner and the mother were not able to make significant progress to improve their relationship. Thus, the evidence supports the circuit court's finding that a set schedule for visitation pursuant to petitioner's requests was contrary to the children's best interests and would likely interfere with the parent-child relationship.

---

(5) The effect that such visitation will have on the relationship between the child and the child's parents or the person with whom the child is residing;
(6) If the parents are divorced or separated, the custody and visitation arrangement which exists between the parents with regard to the child;
(7) The time available to the child and his or her parents, giving consideration to such matters as each parent's employment schedule, the child's schedule for home, school and community activities, and the child's and parents' holiday and vacation schedule;
(8) The good faith of the grandparent in filing the motion or petition;
(9) Any history of physical, emotional or sexual abuse or neglect being performed, procured, assisted or condoned by the grandparent;
(10) Whether the child has, in the past, resided with the grandparent for a significant period or periods of time, with or without the child's parent or parents;
(11) Whether the grandparent has, in the past, been a significant caretaker for the child, regardless of whether the child resided inside or outside of the grandparent's residence;
(12) The preference of the parents with regard to the requested visitation; and
(13) Any other factor relevant to the best interests of the child.

*Id*. Based upon a review of the record, the circuit court did consider the relevant factors and ultimately based its decision on the children's best interests.

Moreover, the circuit court granted petitioner visitation with the children "at the sole discretion of the caregiver" consistent with West Virginia Code § 48-10-702(b), which provides as follows:

If a petition is filed pursuant to section 10-402, there is a presumption that visitation privileges need not be extended to the grandparent if the parent through whom the grandparent is related to the grandchild has custody of the child, shares custody of the child, or exercises visitation privileges with the child that would allow participation in the visitation by the grandparent *if the parent so chose*. This presumption may be rebutted by clear and convincing evidence that an award of grandparent visitation is in the best interest of the child.

(Emphasis added).

In the matter at hand, the mother has custody of the children and is free to provide petitioner with any contact with the children she believes is consistent with the children's best interests. The circuit court advised the mother to allow petitioner to visit with the children if and when the children desire such visitation. Although petitioner presented evidence that she provided care for the children for several years, petitioner failed to prove that a schedule of visitation was in the children's best interests. As discussed above, a set schedule of visitation was contrary to the children's best interests due to their fear that contact with petitioner may threaten the reunification with their parents and because of petitioner's negative relationship with the parents. Therefore, we find no error in the circuit court's decision to deny petitioner's motion for a set schedule of visitation, particularly in light of the fact that the children's mother has the sole discretion to allow visits between petitioner and the children.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 6, 2019, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**: September 13, 2019


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison